My review of the videotape of the appellee's statement indicates that the officer read the appellee herMiranda rights and specifically advised her that she had the right to counsel before she was interrogated; that the appellee indicated her understanding of those rights by her subsequent statements and questions; that the officer responded to the appellee's questions by presenting the waiver-of-rights form to her; and that the appellee read the waiver-of-rights form and signed it. Under these facts, there was not any ambiguity as to whether the appellee wanted to talk to an attorney. Rather, the appellee was fully advised of, unambiguously understood, and voluntarily waived herMirandarights. Accordingly, the trial court improperly granted the appellee's motion to suppress, and I respectfully dissent.